```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```
---------------------------------------X

United States,

    -against-

Kensil Dexter Fender,

        *Defendant.*

---------------------------------------X

                                          <u>MEMORANDUM AND ORDER</u>

                                          16-cr-124 (KAM)

**KIYO A. MATSUMOTO, United States District Judge:**

    On July 29, 2016, Defendant Kensil Dexter Fender ("Defendant") was charged in a two-count Superseding Indictment with Count One, firearm-related murder during a crime of violence, in violation of 18 U.S.C. § 924(j)(1), and Count Two, conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(vii). (ECF No. 23, Superseding Indictment). The underlying crime of violence identified for Count One was attempted Hobbs Act robbery. (*Id.*) Defendant pleaded guilty to Count One of the Superseding Indictment pursuant to a plea agreement with the Government. (ECF Nos. 47, 50.) On June 25, 2018, the Court sentenced Defendant on Count One to 300 months imprisonment, a $100 special assessment, and $35,000 in restitution.[1] (ECF Nos. 60-61; 69, 72.)

---

[1] On June 25, 2018, the Court sentenced Defendant to an order of restitution in an undetermined amount, as "the record contain[ed] no information regarding the monetary harm caused by the instant offense." (ECF No. 72, Sentencing Transcript, at 71). The Court left the record open for 30 days, pursuant to

1

On December 13, 2022, Defendant, acting *pro se*, moved to vacate his conviction under 28 U.S.C. § 2255 based on the Supreme Court's decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), which held that attempted Hobbs Act robbery is not a crime of violence for purposes of 18 U.S.C. § 924(c). (ECF No. 76, § 2255 Motion.) On February 6, 2023, the Government served Defendant with a Restraining Notice forbidding Defendant from selling or transferring any property – with a value of more than $5,000 – in which he had an interest until the judgment of restitution was satisfied; the Government also served Defendant with a letter informing Defendant that payment of the remaining $34,700 in restitution was due in full within 10 days. (ECF No. 79-1). On March 7, 2023, Defendant, acting *pro se*, moved to vacate or modify the Restraining Notice. (ECF No. 79, Motion to Vacate). On April 25, 2023, the Government filed its response to Defendant's *pro se* § 2255 petition.

For the reasons set forth below, Defendant's § 2255 motion is **GRANTED**; Defendant's firearm-related murder conviction and sentence are **VACATED**; and the Government's motion to reinstate Count Two of the Superseding Indictment is **GRANTED**. The Court

---

18 U.S.C. § 3664(d)(5), for the Government to address the issue of restitution. (*Id.*) The Government filed a sentencing supplement on July 24, 2018 requesting $35,000 in restitution, to which Defendant did not object. (ECF Nos. 67, 68). The Court entered an amended judgment on August 7, 2018, imposing restitution in the amount of $35,000. (ECF No. 69.)

declines to decide Defendant's motion to vacate or modify the Restraining Notice at this time.

I.   Section 2255 Motion

   a. Count One: Section 924(c) conviction

In Defendant's § 2255 motion, he asserts the following: (1) the Supreme Court in *Taylor* held that attempted Hobbs Act robbery is not a crime of violence under 18 U.S.C. § 924(c); and therefore (2) this Court must vacate Defendant's firearm-related murder conviction under 18 U.S.C. § 924(j) – which increases the penalty for § 924(c) violations when a defendant "causes the death of a person" – because the conviction was predicated on attempted Hobbs Act robbery as a crime of violence. (ECF No. 76 at 1-8); 18 U.S.C. § 924(j). The Government concedes that the Supreme Court held in *Taylor* that attempted Hobbs Act robbery is not a crime of violence under 18 U.S.C. § 924(c) and does not dispute that Defendant's firearm-murder conviction should be vacated.

Under § 924(c), "a federal felony qualifies as a 'crime of violence' if it meets either of two definitions." *Taylor*, 142 S. Ct. at 2019. The first definition, as stated in § 924(c)(3)(A), is known as the elements clause and "covers offenses that have as an element the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* (alteration and internal quotation marks omitted). The second definition, as stated in § 924(c)(3)(B) and which is known as the residual clause,

3

was determined by the Supreme Court in *United States v. Davis* to be unconstitutionally vague. 139 S. Ct. 2319 (2019). This Court agrees with Defendant that "after *Taylor*, attempted Hobbs Act robbery no longer qualifies as a crime of violence" under § 924(c)(3)(A), or the elements clause. *United States v. McCoy*, 58 F.4th 72, 73 (2d Cir. 2023) (reversing convictions under § 924(c) where the predicate crime of violence was attempted Hobbs Act robbery).

Because Defendant filed his § 2255 motion pursuant to 18 U.S.C. § 2255(f)(3), which creates an exemption to the usual 1-year statute of limitations for § 2255 motions, there is a threshold issue as to whether the Supreme Court's change in law in *Taylor* was "made retroactively applicable to cases on collateral review." 18 U.S.C. § 2255(f)(3). If *Taylor* does not apply retroactively under § 2255(f)(3), then Defendant's petition could be time-barred, as he filed his motion more than 1 year after his conviction. 18 U.S.C. § 2255(f)(1)-(4).

The Second Circuit has not yet decided whether *Taylor* applies retroactively to cases, such as the instant one, involving a collateral attack under the *elements* clause of § 924(c) against a conviction based on attempted Hobbs Act robbery. The Second Circuit, however, recently held in *Hall v. United States* that the Supreme Court's decision in *Davis* – holding that § 924(c)'s *residual* clause was void for vagueness – was a new substantive

4

rule that applied retroactively on collateral review. 58 F.4th 55, 60-62 (2d Cir. 2023). The Second Circuit also observed in dicta in *Hall* that "*Taylor* possibly raises a new rule of constitutional law" for the elements clause, which could apply retroactively. 58 F.4th 55, 63 (2d Cir. 2023); *cf. United States v. Washington,* No. 20-2333, 2023 WL 2945902, at *2 (3d Cir. Apr. 14, 2023) (granting a certificate of appealability where defendant was convicted under § 924(c) because "attempted Hobbs Act robbery cannot satisfy the elements clause, and [therefore] that conviction can stand only under the unconstitutional residual clause"); *but cf. In re Williams,* No. 22-13997-B, 2022 WL 18912836, at *3 (11th Cir. Dec. 15, 2022) (holding that *Taylor* did not create a substantive rule to be retroactively applied). Indeed, multiple district courts have suggested that *Taylor* can be applied retroactively on collateral review. *See, e.g., Pedro v. United States*, No. 03-CR-0346-1 (SHS), 2022 WL 17418529, at *1 (S.D.N.Y. Nov. 30, 2022) (finding that petitioner had access to § 2255 review under § 2255(f)(3) because he relied on a right newly recognized in *Taylor*); *United States v. Craig,* No. 14-CR-0032 (MW) (HTC), 2022 WL 1413717, at *2 n.4 (N.D. Fla. Sept. 26, 2022) ("*Taylor* would be retroactively applicable to a challenge to [a] . . . § 924(c) sentence, because in that context the case would be a new substantive rule under *Teague* [*v. Lane*, 489 U.S. 288 (1989)]."), *report and recommendation adopted*, 2022 WL 14151821

5

(N.D. Fla. Oct. 24, 2022), *vacated on other grounds by United States v. Craig*, No. 14-CR-32 (MW) (HTC), 2022 WL 18401186, at *1 (N.D. Fla. Nov. 7, 2022); *cf. Bousley v. U.S.*, 523 U.S. 614 (1998) ("Petitioner's conviction and punishment on the § 924(c) charge are for an act that the law does not make criminal. There can be no room for doubt that such a circumstance inherently results in a complete miscarriage of justice and presents exceptional circumstances' that justify collateral relief under 28 U.S.C. § 2255.'" (alterations, citation, and internal quotation marks omitted)).

In any event, the Government does not raise timeliness or dispute that Defendant's conviction should be vacated. Accordingly, this Court assumes, without deciding, that Defendant's § 2255 motion is timely.[2] *Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, *but not obliged*, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." (emphasis added)).

---

[2] District courts have declined to consider statute of limitations defenses where such defenses were not raised by the Government, including for § 2255 motions. *See Natson v. United States*, No. CR417-050-3, 2023 WL 2543088, at *1 (S.D. Ga. Feb. 23, 2023), *report and recommendation adopted*, No. CR417-050-3, 2023 WL 2541128 (S.D. Ga. Mar. 16, 2023) (finding that the Government's response – which conceded that defendant's § 924(c) conviction was invalid after *Taylor* – waived any statute-of-limitations defense to defendant's § 2255 motion); *Brascomb v. United States*, 2015 WL 7300512, at *2 (M.D. Ala. Nov. 18, 2015) ("[A] . . . waiver of the limitations defense under § 2255(f)(3) removes, not only the issue of timeliness from the court's consideration, but also the issue of whether [the] Supreme Court's decision applies retroactively."); *Johnson v. United States*, No. 18-CR-182-2 (JPS), 2023 WL 2710254, at *3 (E.D. Wis. Mar. 30, 2023) ("The Court will take [the Government's] lack of discussion as an implied concession as to the retroactivity of the *Taylor* [d]ecision.").

Further, this Court agrees with the parties that "after *Taylor*, attempted Hobbs Act robbery no longer qualifies as a crime of violence under . . . [§] 924(c)(3)(A)." *McCoy*, 58 F.4th at 73. Accordingly, this Court vacates Defendant's conviction on Count One for firearm-related murder under § 924(c) based on the predicate crime of violence of attempted Hobbs Act robbery.

### b. Count Two: Narcotics Distribution Conspiracy

Although the Government concedes that Defendant's § 924(c) conviction should be vacated, the Government asserts that it has the right to reinstate Count Two of the Superseding Indictment under the terms of Defendant's plea agreement. (ECF No. 84, Government Response, at 3.) The Court dismissed Count Two at the conclusion of Defendant's sentencing proceeding, after the Government moved to dismiss the then-pending count. (ECF No. 72 at 40, 72.) The Government now argues that although the Government agreed in the plea agreement to dismiss Count Two with prejudice at the time of sentencing, Defendant agreed in the plea agreement to waive "all defenses based on the statute of limitations and venue with respect to any prosecution that [was] not time-barred on the date that the agreement [was] signed in the event that . . . [Defendant's] conviction [was] later vacated for any reason." (ECF No. 84 at 2.) The Government also argues, implicitly, that it has the authority to reinstate a previously dismissed count under 18 U.S.C. § 3296, which requires courts to instate counts

7

dismissed pursuant to a plea agreement when several conditions are met. Therefore, the Government moves to have the Court "reinstate the still-valid drug distribution conspiracy charge" against Defendant. (*Id.* at 3.) The Government also requests a 60-day delay for any status conference regarding Count Two, for transporting Defendant from Florida to New York, to reproduce discovery to Defendant's attorney, and for the Government to "evaluate the evidence" and determine what it might use at trial. (*Id.*)

Defendant, acting *pro se*, opposes the Government's motion as follows. (ECF No. 85, Def. Reply.) He argues that the only waivers discussed in his plea colloquy before Magistrate Judge Cheryl L. Pollak were that he was waiving any challenge to venue – even though the offense took place in the Southern District of New York – and that he was waiving any appeal or collateral attack to a sentence of life imprisonment or less, subject to any statutory right to appeal a sentence contrary to law. (*Id.* at 3-4.) Defendant also asserts that the Government's request to reinstate Count Two is premature, as the Government should have waited until after Count One was vacated to move to reinstate the Count. (*Id.* at 9.) Defendant further contends that the Government agreed to dismiss Count Two "with prejudice" in the plea agreement. (*Id.* at 5.) Additionally, Defendant argues that § 3296 does not apply to the dismissed count at issue here because

8

the statute applies only where a guilty plea is vacated "by motion of the defendant," whereas Defendant asserts that the "vacatur of an unconstitutional conviction is not an attack on a plea agreement." (*Id.* at 9); § 3296(a)(3).

Finally, Defendant argues that if the Court grants the Government's motion to reinstate Count Two, he should be immediately resentenced to time served. (ECF No. 85 at 9.) He submits that the guidelines range calculation for his offense, as previously described in Count Two and based on his alleged distribution of 100 kilograms of marijuana, would be 63 to 78 months, followed by immediate deportation. (*Id.* at 9-10.) Defendant states that he has spent 63-78 months in prison on his § 924(c) conviction, now vacated. (*Id.*) Defendant argues that, in the alternative, he should be released on bond pending further proceedings regarding Count Two. Defendant argues that he is currently serving "dead time" for a conviction that should be vacated, which should be taken into consideration for bond. Further, Defendant contends that the offense conduct underlying Count Two – distribution of marijuana – is now legal in New York state, which should be considered in the Court's bond analysis. (*Id.* at 13.)

The Court disagrees with the Government's contention that Defendant's plea agreement, on its own, allows the Government to reinstate previously dismissed Count Two. The Government cites

9

to two cases in support of its contention, *United States v. Godfrey*, No. 17-cr-511 (SHS), 2022 WL 4244245, at *2 (S.D.N.Y. Aug. 4, 2022), and *United States v. Pham*, No. 12-CR-423 (AJN), 2022 WL 993119, at *2 (S.D.N.Y. Apr. 1, 2022), in which courts acknowledged that the government may secure waivers of statutes of limitations concerning future prosecutions in plea agreements. Unlike Defendant's plea agreement, the relevant language of the plea agreements in *Godfrey* and *Pham* explicitly acknowledged that the waiver included any counts that the Government had agreed to dismiss at sentencing:

> It is further agreed that should the conviction following the defendant's pleas of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this agreement (*including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement*) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations . . . .
>
> *Pham*, 2022 WL 993119 at *2 (emphasis added).
>
> Should the conviction(s) following the defendant's plea(s) of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time barred by the applicable statute of limitations on the date of the signing of this agreement (*including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement*) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations . . . .
>
> *Godfrey*, 2022 WL 4244245, at *1.

By contrast, Defendant's plea agreement includes no such explicit reinstatement provision. Instead, it states that "[D]efendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that . . . [D]efendant's conviction is later vacated for any reason." (ECF No. 86, Plea Agreement at 4.) The agreement also states that the Government agrees that:

> [N]o further criminal charges will be brought against the defendant for . . . Count One of the Superseding Indictment[] or . . . conspiring to distribute and possess with intent to distribute a controlled substance on and between January 1, 2008 and March 14, 2013 (as charged in Count Two of the Superseding Indictment) . . . and at the time of sentence, [the Government] will move to dismiss the remaining counts of the Superseding Indictment and any underlying indictments with prejudice.

(*Id.* at 5.) Defendant does not appear to challenge the Government's attempt to reinstate Count Two based on the statute of limitations, and the language in the plea agreement appears contradictory, or at best ambiguous, as to whether Defendant agreed to waive all defenses against future prosecution or reinstatement based on the offense conduct for the narcotics conspiracy in Count Two. Given that "courts construe plea agreements strictly against the Government," the Court declines to find that Defendant's plea agreement allows the Government to reinstate Count Two.

11

This finding does not end the Court's inquiry. The Government additionally asserts that the Court has authority under 18 U.S.C. § 3296 to reinstate the plea agreement. Section 3296 provides in relevant part:

> [A]ny counts of an indictment or information that are dismissed pursuant to a plea agreement shall be reinstated by the District Court if—
>
> (1)  the counts sought to be reinstated were originally filed within the applicable limitations period;
>
> (2)  the counts were dismissed pursuant to a plea agreement approved by the District Court under which the defendant pled guilty to other charges;
>
> (3)  the guilty plea was subsequently vacated on the motion of the defendant; and
>
> (4)  the United States moves to reinstate the dismissed counts within 60 days of the date on which the order vacating the plea becomes final.

18 U.S.C. § 3296(a). The statute *requires* a distract court to reinstate a dismissed count where all four elements are satisfied. The Court, however, can "consider[] any defense or objection, other than the statute of limitations, to the prosecution" of any count reinstated under the statute. 18 U.S.C. § 3296(b).

Here, all four elements of § 3296(a) have been met. First, a conspiracy offense falls within the federal statute of limitations where the conspiracy was "ongoing within the five year period preceding the indictment" and where "at least one overt act in furtherance of the conspiratorial agreement . . . [was] performed within that period." *United States v. LaSpina*, 299 F.3d

12

165, 173 (2d Cir. 2002) (internal quotation marks and citation omitted). Defendant's conduct charged in Count Two allegedly occurred from 2008-2013, ending only three years before Defendant was indicted in 2016. (ECF No. 10, Indictment; ECF No. 23, Superseding Indictment.) Second, as discussed above, Count Two was dismissed pursuant to a plea agreement approved by the Court. (ECF No. 86; ECF No. 50, Order Accepting Plea.) Third, Defendant's guilty plea to Count one is vacated pursuant to this Memorandum and Order, upon Defendant's § 2255 motion. *See, e.g. United States v. Whidbee*, No. 19-CR-673 (ER), 2023 WL 2713844, at *3 (S.D.N.Y. Mar. 30, 2023). Fourth, the Government has moved to reinstate Count Two. (ECF No. 85.) Accordingly, pursuant to § 3296, this Court must accept the Government's motion and reinstate Count Two of the Superseding Indictment.

Regarding Defendant's request to be released pending trial, the Court recognizes that Defendant has served at least 11 additional months in prison – since the Supreme Court decided *Taylor* in June 2022 – for a conviction that was declared to be unlawful by the Supreme Court. Without reaching the merits of Defendant's request to be released on bond, the Court orders a status conference to take place within 60 days of this Memorandum and Order. The Government shall writ Defendant to the Eastern District of New York as soon as possible and shall inform the Court immediately when Defendant arrives. The Court recognizes

that Defendant has already been arraigned on Count Two of the Superseding Indictment, which the Government has successfully moved to reinstate. Nevertheless, the Court orders that Defendant be produced as soon as possible for an appearance before the Court or a magistrate judge, to be appointed counsel and for a hearing regarding pre-trial detention or release on bond.

## II. Restitution

The Court declines to address the motion to vacate the Restraining Notice at this time. Instead, in light of this Court's vacatur of Defendant's only count of conviction, the Government shall advise the Court within two business days of this Memorandum and Order whether the Government will lift the Restraining Notice and refund Defendant for the restitution paid thus far. *See Hughey v. United States*, 495 U.S. 411 (1990) (restitution statute authorizes restitution only for losses caused by the offense of conviction); *see also, e.g., United States v. Venneri*, 782 F. Supp. 1091, 1093 (D. Md. 1991) ("The statute makes clear that a court may require restitution only to the extent of the actual offense of conviction . . . This Court has vacated Venneri's conviction, leaving no 'offense for which conviction was had.'") The Government shall also advise the Court within two business days as to the location of the $182,045 in United States currency that the Government seized upon Defendant's arrest, and as to the status of any forfeiture obligations.

14

## CONCLUSION

For the foregoing reasons, Defendant's § 2255 motion is **GRANTED**; Defendant's firearm-related murder conviction is **VACATED**; and the Government's motion to reinstate Count Two of the Superseding Indictment is **GRANTED**. The Government is directed to writ Defendant to the Eastern District of New York as soon as possible, and no later than 60 days from the date of this Memorandum and Order, for a hearing before this Court or a magistrate judge. The Government also shall advise the Court within two business days of this Memorandum and Order whether the Government will lift the Restraining Notice and refund Defendant for the restitution paid thus far, and as to the status of any forfeiture obligations and the location of the $182,045 in United States currency seized upon Defendant's arrest. The Clerk of Court is respectfully directed to vacate Defendant's conviction on Count One of the Superseding Indictment. The Clerk of Court is also requested to serve a copy of this Memorandum and Order on Defendant and note service on the docket by March 26, 2023.

**SO ORDERED**
Dated:   May 25, 2023
         Brooklyn, New York

_____
**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York